IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AARON C. HAAS,
Plaintiff,

v.

CITY OF RICHMOND, VIRGINIA, *et al.*,
Defendants.

Civil Action No. 3:25CV672 (RCY)

**MEMORANDUM OPINION**

This is a civil rights action brought by *pro se* Plaintiff Aaron C. Haas, wherein Plaintiff alleges constitutional violations, civil conspiracy, and municipal liability and seeks relief by way of 42 U.S.C. § 1983 and § 1985. This matter is before the Court on Defendants' three Motions to Dismiss, filed in relevant part pursuant to Federal Rule of Civil Procedure 12(b)(1), seeking dismissal of all Counts in the Complaint for lack of subject matter jurisdiction.[1] The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, it is appropriate to grant all three Motions to Dismiss.[2]

**I. STANDARD OF REVIEW**

Federal district courts, like any other federal court, are courts of limited subject matter jurisdiction. *United States v. Doe*, 111 F.4th 316, 319 (4th Cir. 2024). In a motion premised on Federal Rule of Civil Procedure 12(b)(1), "[a] defendant may challenge subject-matter jurisdiction

[1] Defendants also seek dismissal pursuant to 12(b)(6) for Failure to State a Claim, but the Court's decision rests entirely on the jurisdictional analysis.

[2] On September 22, 2026, the Court issued an Order granting the Motions to Dismiss, promising an opinion to follow. Order, ECF No. 33. This Memorandum Opinion explains the Court's reasoning underpinning that Order.

in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). A facial challenge "contends 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Id*. (quoting *Kerns*, 585 F.3d at 192). "In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Beck*, 848 F.3d at 270. A factual challenge, on the other hand, "contend[s] that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d 1213, 1219. This type of challenge "provid[es] the trial court the discretion to 'go beyond the allegations of the complaint and . . . determine if there are facts to support the jurisdictional allegations.'" *Beck*, 848 F.3d at 270 (quoting *Kerns*, 585 F.3d at 192).

## II. BACKGROUND

Because the present Motions raise a facial challenge to jurisdiction, the Court adopts the procedural posture of a Rule 12(b)(6) motion in ascertaining the operative background facts. *Adams*, 697 F.2d at 1219.

On August 25, 2025, Plaintiff filed a four-count Complaint alleging a coordinated conspiracy by state and local officials to deprive him of liberty and property through proceedings that allegedly lacked subject matter jurisdiction and were motivated by improper purpose and discriminatory animus. Compl., ECF No. 1. Purportedly involved in this conspiracy were the following Defendants, grouped according to affiliation: (1) the City of Richmond, Gregory Lukanuski, and Writ P. Marks ("City Defendants"); (2) the Commonwealth of Virginia, Judge Jacqueline S. McClenny, Judge Tracy W.J. Thorne-Begland, and Judge Richard Campbell ("State Defendants"); and (3) Alexander P. Boyd, Adam Cherry, Francis A. Cherry, and Randolph, Boyd,

Cherry & Vaughan, P.L.C ("RBCV Defendants"). *See generally id.* The proceedings impacted by Defendants' alleged conspiracy are two state court actions, one criminal and one civil.

The criminal action, *City of Richmond v. Aaron Haas*, Crim. Case No. CR24M01231-00 (Richmond Cir. Ct.), involved Plaintiff's prosecution and conviction for the misdemeanor charge of "work w/o bldg. permit." City Defs.' Mem. Supp. 2 (citing state court docket).[3] On September 6, 2024, Defendant Deputy City Attorney Greg Lukanuski "prosecuted the charge" and Defendant Judge Jacqueline S. McClenney conducted the trial. Compl. ¶¶ 1–2. On January 17, 2025, Defendant Judge Tracy W.J. Thorne-Begland conducted the sentencing hearing, at which he imposed a fine and ordered Plaintiff to obtain a building permit. *Id.* ¶ 3. This case was not appealed. City Defs.' Mem. Supp. 2.

The civil action, *City of Richmond v. Aaron Haas*, Civil Case No. CL24000118-00 (Richmond Cir. Ct.), involved a civil condemnation proceeding related to a portion of Plaintiff's land "for multimodal transportation and drainage improvements." City Defs.' Mem. Supp. 3. A condemnation hearing was scheduled for January 9, 2025, but was postponed due to the water crisis occurring throughout the city at that time. Compl. ¶ 4. The hearing ultimately took place on March 17, 2025, and Defendant Judge Campbell conducted the hearing and entered a final order. *Id.* ¶ 6. Defendant Deputy City Attorney Wirt Marks, RBCV attorney-Defendants Francis A. Cherry, Adam Cherry, and Alexander P. Boyd were counsel for Richmond during this hearing. City Defs.' Mem. Supp. 3. This case was also not appealed. *Id.*

[3] Just as in the context of a Rule 12(b)(6) motion, when confronted with a facial challenge to subject matter jurisdiction, the Court may in limited circumstances consider documents and facts from sources other than the Complaint. "For example, a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir 2009)). Accordingly, the Court may properly consider the state court records from the relevant civil and criminal proceedings.

Each of the three above described Defendant groups timely filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 9, 12, 15. The Court mailed Plaintiff notice of the pending dispositive motions pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF Nos. 11, 17, 18, and on October 16, 2025, Plaintiff accordingly filed a Response in Opposition to each of the Motions to Dismiss, *see* ECF Nos. 19, 20, 21.[4] The RBCV Defendants and City Defendants filed Replies in support of their respective Motions to Dismiss, ECF Nos. 22, 23; the State Defendants did not, and the time to do so passed, rendering all the Motions ripe for review. Plaintiff filed a Response in Opposition to each Motion to Dismiss. ECF Nos. 19, 20, 21. By Order dated September 22, 2026, the Court granted Defendants' Motions to Dismiss (ECF Nos. 9, 12, 15), with an opinion to follow.

## III. ANALYSIS

Defendants all challenge this Court's jurisdiction as a facial matter, arguing that the facts alleged in the Complaint plainly establish that this Court is divested of jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See* State Defs.' Mem. Supp. 8, ECF No. 10; RBCV Defs.' Mem. Supp. 10, ECF No. 13; City Defs.' Mem. Supp. 5, ECF No. 16. This Court agrees. Despite Plaintiff's insistence to the contrary, he asks this Court to: (1) review a state court judgment that resulted in his prosecution and conviction for a misdemeanor charge of performing work without a building permit; and (2) review a separate judgment that involved civil condemnation of his property. The *Rooker-Feldman* doctrine explicitly disallows such action by this Court.

[4] Plaintiff's Response to the State Defendants' Motion to Dismiss appears to have been filed one day after the twenty-one-day deadline provided in the Court's *Roseboro* notice. *See* Roseboro Not., ECF No. 11 (advising Plaintiff to file a response within twenty-one days of the date of the September 24, 2025 Notice, i.e., by October 15, 2025); Pl.'s Resp. Opp'n State Defs.' Mot. Dismiss, ECF No. 21 (filed October 16, 2025). However, as the State Defendants did not Reply or otherwise move to strike Plaintiff's Response in Opposition on that ground, the Court considers it in conjunction with the other papers that have been filed.

As this Court has previously explained,

> The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court decisions. *Moore v. Va. Dep't of Soc. Servs.*, 2016 WL 775783, at *3 (E.D. Va. Feb 25, 2016) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). It is a jurisdictional doctrine "rooted in the rule that a person who loses in state court must appeal up through that state's appellate courts and, after making it through every level of state appellate courts, seek review from the Supreme Court of the United States." *Id.* (citing *Davani v. Va. Dep't of Transp.*, 434 F.3d 712–17 (4th Cir. 2006)) (additional citation omitted). To prevent federal district courts from reviewing the decisions of state courts, *Rooker-Feldman* divests a federal court of jurisdiction, if the following four elements are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by state-court judgments; (3) the state judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff invites district court review and rejection of those judgments. *Id.*; *see also Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007).

*Baldwin v. Lee*, 2026 WL 2058915, at *2 (E.D. Va. July 16, 2026). While Plaintiff argues that he is asserting independent constitutional claims rather than seeking review or reversal of the state-court judgment, the Court finds otherwise.

Here, element one of the *Rooker-Feldman* doctrine is met since the Richmond City Circuit Court issued judgments unfavorable to Plaintiff, which resulted in a fine as well as orders (1) requiring Plaintiff to obtain a building permit and (2) condemning a portion of Plaintiff's property. City Defs.' Mem. Supp. 2–3, ECF No. 16 (citing state court dockets). Elements two and four are met because Plaintiff complains of injuries caused by these state-court judgments and invites this court to review and reject these judgments. *See* Compl. 1 (stating that the Defendants "used both criminal prosecutions and condemnation proceedings to coerce Plaintiff's compliance, suppress his property rights, and impose fines and penalties without lawful authority"); *id*. at 8–9 (seeking a declaratory judgment that the underlying actions were void and unconstitutional and seeking damages against Defendants "for knowingly acting under color of law in both debt collection and condemnation proceedings in coordination with unconstitutional enforcement practices").

Element three is met because these judgments became final before this case was initiated: Plaintiff did not appeal the underlying judgments, entered on January 17, 2025, and March 17, 2025, respectively, and Plaintiff initiated this matter on August 25, 2025. City Defs.' Mem. Supp. 2–3.

Accordingly, the *Rooker-Feldman* doctrine applies to Plaintiff's claims because he is asking this Court to review the aforementioned state court judgments. Plaintiff's requests are similar to those in cases where the Fourth Circuit has held the *Rooker-Feldman* doctrine applies. *See, e.g.*, *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) ("The [plaintiff] does not merely seek a declaration that the process by which the state court injunctions were issued was unconstitutional. Here, the [plaintiff] seeks a federal district court to declare the Virginia state courts' decision in error, and in turn, to award the [plaintiff] damages as a result of the issuance of those injunctions. . . . The [plaintiff] still seeks federal court review of the validity of those state court judgments, a review which the federal district court is not empowered to undertake."); *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 349 (4th Cir. 2025) (affirming the lower court's finding that the *Rooker-Feldman* doctrine applied since "here—as in *Rooker*—[plaintiff] asked a federal district court to declare the state court judgment 'void' and 'unenforceable.'"), *aff'd*, 608 U.S. 668 (2026).

Even if the Court were persuaded by Plaintiff's attempts to cast his claims as independent constitutional challenges to the processes involved in the underlying criminal and civil judgments, the *Rooker-Feldman* doctrine would *still* apply, since the issues Plaintiff raises are "inextricably intertwined with a state court judgment that would require the district court to review the state court's ruling." *Baldwin*, 2026 WL 2058915, at *3 (citing *Wilner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007)).

The "inextricably intertwined" nature of the claims can be seen in a cursory examination of the Complaint. Although framed as a Fourth Amendment claim, Count One alleges that the City of Richmond pursued criminal charges without evidence of wrongdoing, probable cause, or valid subject matter jurisdiction. Compl. ¶¶ 12–14. To the extent Plaintiff seeks relief from injuries caused by the resulting court judgements, resolving Count One would require this Court to determine whether those judgements were legally supported, or not. In short, Plaintiff asks a federal district court to review and reject the adverse state court judgments levied against him. The *Rooker-Feldman* doctrine plainly disallows such action by this Court.

Similarly, Count Two alleges Fourteenth Amendment violations based on allegations that "Defendants deprived Plaintiff of liberty and property by initiating . . . proceedings without legal basis or subject matter jurisdiction." *Id.* ¶ 18. As factual support for this allegation, Plaintiff goes on to state that he "was not afforded a meaningful opportunity to contest the charges." *Id*. In any such due process analysis, this Court would have to assess whether the state court had subject matter and personal jurisdiction over Plaintiff and examine methods of service and other procedural issues, all of which would require this Court to assess the merits of the state court rulings. These issues are more properly addressed on appeal rather than collateral attack in federal district court. *See Baldwin*, 2026 WL 2058915, at *3 ("This Court could not possibly decide whether the [state court's] orders are unconstitutional or otherwise unlawful, as [p]laintiff contends, without delving into the merits of the rulings of the state court.").

In Count Three, civil conspiracy to deprive constitutional rights, Plaintiff asserts that "Defendants, including public officials and private attorneys, coordinated their actions to deprive Plaintiff of liberty and property through proceedings lacking jurisdiction and legal justification." Compl. ¶ 24. Plaintiff goes on to state that "[t]his coordinated conduct relied on fabricated records,

legally void charges, and judicial orders issued without authority . . . ." *Id.* ¶ 25. Again, this Court could not possibly analyze this claim without "delving into the merits of the rulings of the state court" or the processes involved in the underlying state court condemnation proceeding. *Baldwin*, 2026 WL 2058915, at *3. District courts have dismissed civil conspiracy claims under 42 U.S.C. § 1985 via the *Rooker-Feldman* doctrine when it would be impossible for the plaintiff to show the alleged conspiracy caused injury without challenging the underlying state-court decision. *See, e.g.*, *Tomasello v. Greenzweig*, 461 F. Supp. 3d 302, 319 (E.D. Va. 2020) ("Moreover, even assuming, *arguendo*, that defendants' alleged conspiracy violated [plaintiff's] legal rights (which it did not), plaintiff cannot show that defendants' alleged conspiracy caused an injury . . . without challenging the [state court judgment].").

Regarding Count Four, *Monell* municipal liability, Plaintiff asserts that "[n]o valid Fifth Amendment taking can occur without subject matter jurisdiction . . . [a] lack of . . . public necessity deprives the court of jurisdiction to effectuate a taking of any kind." Compl. ¶ 32. Plaintiff goes on to state that the unlawful policy of the city "was the moving force behind the constitutional violations Plaintiff experienced, including unlawful prosecution, judicial coercion, and deprivation of property without lawful justification." *Id.* ¶ 31. Again, this Court could not possibly address this claim without examining the merits of the state court condemnation proceeding and the processes involved.

Accordingly, the Court finds it lacks jurisdiction over Plaintiff's claims via the *Rooker-Feldman* doctrine, because Plaintiff "essentially invite[s] [this] court[] . . . to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Court accordingly does not reach Defendants' additional argument that Plaintiff otherwise fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For the reasons detailed above, the Court finds that the *Rooker-Feldman* doctrine applies here to divest the Court of jurisdiction over all of Plaintiff's claims. Defendants' Motions to Dismiss have accordingly been granted, and this matter dismissed. ECF No. 33.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 7, 2026
Richmond, Virginia